**CS 20 UNIVERSITY OF PITTSBURGH PROCEDURE (formerly 06-05-01)**

**CATEGORY:**          HEALTH, SAFETY, AND SEXUAL MISCONDUCT
**SECTION:**           Sexual Misconduct and Discrimination
**SUBJECT:**           Sexual Misconduct
**EFFECTIVE DATE:**    August 14. 2020 Revised
**PAGE (S):**          19

Table of Contents

I.     APPLICABILITY: SCOPE AND JURISDICTION ...........................................................................2

II.    REPORTING SEXUAL MISCONDUCT AND OPTIONS FOR FILING A COMPLAINT ...............................2

III.   UNDERSTANDING THE INVESTIGATION AND RESOLUTION PROCESSES...........................................5

IV.    HANDLING APPEALS.........................................................................................................9

V.     Appendix A: University & Community Resources ...................................................................10

VI.    Appendix B: Confidentiality...............................................................................................15

VII.   Appendix C: Other Relevant Considerations .........................................................................18

## I.   APPLICABILITY: SCOPE AND JURISDICTION

A.   <u>Scope</u>

This document establishes procedures pertaining to the University's prohibition against sexual misconduct, as set forth in the University of Pittsburgh's Sexual Misconduct Policy 06-05-01 (the "Policy"). All provisions of the Policy are incorporated by reference. Note: this document does not apply to the University's prohibition of "Sexual Harassment" as specifically defined in and addressed under Policy CS 27.

When sexual misconduct occurs, the University will act to end the misconduct, prevent its recurrence, and remedy the effects on both individuals and the University community.
The Policy and this accompanying Procedure shall serve as the only internal University forum of resolution and appeal of sexual misconduct complaints for members of the University community (except for complaints of Sexual Harassment covered under Policy CS 27 and except as otherwise noted in Section IV, Handling Appeals).
Discrimination which is not either sexual misconduct under this Policy or Sexual Harassment under Policy CS 27  is subject to and should be analyzed under the University's Nondiscrimination, Equal Opportunity and Affirmative Action Policy CS 07 (formerly 07-01-03) and associated Procedure CS 07 (formerly 07-01-03) or other appropriate policy or procedure.

B.   <u>Jurisdiction</u>

This Procedure applies to all members of the University community. Please see the University of Pittsburgh's Sexual Misconduct Policy CS 20 (formerly 06-05-01, the "Policy") for a detailed explanation of jurisdiction.

## II.   REPORTING SEXUAL MISCONDUCT AND OPTIONS FOR FILING A COMPLAINT

The University strongly encourages persons who experience sexual misconduct to report the misconduct, to seek assistance and to pursue University action for their own protection and that of the entire campus community. When an employee learns of alleged sexual misconduct, the Office of Civil Rights and Title IX should be informed. The Office of Civil Rights and Title IX is responsible for coordinating the sexual misconduct procedure. For a definition of sexual misconduct, please see the Policy on Sexual Misconduct 06-05-01.

Anyone who has experienced sexual misconduct may choose to use this University process as well as a criminal process. Choosing not to pursue University or criminal action, however, does not remove the responsibility of the University to investigate and/or take action. If pursuing a criminal process, please go to www.share.pitt.edu\get-help for information on Emergency Room Examination/Preservation of Evidence, as applicable.

The University intends to resolve complaints of sexual misconduct in a fair and timely manner. However, not all reports of sexual misconduct result in a formal complaint or judicial referral. For example, some victims seek only support and resources, and do not wish to initiate a complaint. Where a complaint is submitted, the University generally attempts to resolve the complaint from the filing of a complaint to a determination within sixty (60) days. If the outcome of the complaint is appealed, the University then generally attempts to make a timely determination of any appeal. However, extenuating or more complex circumstances may preclude the University from resolving a complaint within the timeframes stated here.

The Office of Civil Rights and Title IXwill make a determination as to any reasonable extension of these timeframes. Complainants and respondents will be provided periodic updates as to the status of the process.

A.  <u>For Victims</u>

Several options are available if you want to report sexual misconduct or violence:
1.  If a crime may have been committed, you may file a criminal complaint by contacting the Pitt Police (412-624-2121 for the Pittsburgh campus; contact information for regional campus police departments is listed in Appendix A). You may also call 911 to reach the local police bureau or department.
2.  You may file an anonymous complaint on the University of Pittsburgh Police Department Web site (www.police.pitt.edu). However, this option greatly limits the University's ability to respond to and investigate the report.
3.  All Pitt students, faculty and staff may file a complaint through the University's Office of Student Conduct if the alleged assailant is a University of Pittsburgh student (412- 648-7910, 738 William Pitt Union; contact information for regional campus judicial affairs/student conduct offices is located in Appendix A). The Student Code of Conduct outlines the steps related to filing and processing sexual assault complaints.
4.  You may file a complaint with the University's Office of Civil Rights and Title IX for investigation (412- 648-7860). Individuals on the regional campuses may also file a complaint with their local Office of Civil Rights and Title IX Liaison. See Appendix A for contact information.
5.  All members of the University community can file anonymous complaints on Pitt Concern Connection (800-468-5768 or pi.tt/concern).

See Appendix A for a list of University and community resources. See Appendix B for confidentiality information.

B.  <u>For the Accused</u>

Those accused should know that the initiation of any University proceedings does not preclude the possibility of criminal charges. Indeed, parallel University and criminal proceedings are not uncommon. In addition to using these processes, the University will continue to engage in prevention programs and training for students, faculty, and staff in an effort to prevent sexual misconduct, including sexual violence.

Retaliation against anyone involved in the investigation of alleged incidents of sexual misconduct, whether they are the referring individual, a witness, an investigator or anyone else, is prohibited. All individuals involved in the investigation process are expected to honor the confidentiality of the process and the information involved.

Reports can be submitted anytime following an incident of sexual misconduct, although the University's ability to take action may be limited by the timeliness of the report and by whether the alleged respondent is still a member of the University community.

C.  <u>For Responsible Employees (Faculty and Staff) or Those Who Learn of Sexual Misconduct, including members of the Board of Trustees</u>

When a responsible employee (as defined in Section VII of the Sexual Misconduct Policy 06-05-01, and at http://www.share.pitt.edu/confidentiality) learns of alleged sexual misconduct or violence involving a member of the University community, he/she should:
1.  As a responsible employee, you are required to contact the University's Office of Civil Rights and Title IX promptly (https://www.diversity.pitt.edu/civil-rights-title-ix-compliancecontact information for regional Title IX Liaisons is located in Appendix A). If you believe there is a risk of imminent harm to someone, you should also contact the University Police Department. See Appendix A for contact information for each Pitt campus police department. You may also call 911 to reach the local police bureau or department.
2.  Make the victims aware of their options as listed above in A ("For Victims").

3. Early in the conversation with the victim, explain that you are obligated to report the incident to the Office of Civil Rights and Title IX and that you cannot maintain complete confidentiality. For further information on confidentiality, see Appendix B.

4. If the victim wants to talk with someone who can maintain complete confidentiality (other than filing a de-identified crime report under the Clery Act), direct the victim to confidential resources such as the University Counseling Center at 412-648-7930 or Pittsburgh Action Against Rape (PAAR). See Appendix A for a list of University and community resources.

5. If the victim wants to tell you what happened, but also wants to maintain confidentiality, inform the victim that you, as the responsible employee, must report the incident to the Office of Civil Rights and Title IX and cannot guarantee that the University will be able to honor the request for confidentiality but that the Office of Civil Rights and Title IX will keep the information confidential to the extent it is permitted to do so by law and ensure that it is only shared with those who have a need to know.

6. If the victim proceeds, listen empathetically. Encourage, but do not pressure, the victim to seek help, counseling or medical assistance if appropriate, and/or to contact the Student Conduct Office, the Office of Civil Rights and Title IX or Human Resources. If a crime may have been committed, encourage the victim to contact law enforcement so that the situation can be addressed and prevented in the future. Ask about any immediate needs of the person.

7. Provide the victim with information about resources (see Appendix A).

See Appendix A for a list of University and community resources. See Appendix B for confidentiality information.

D. Reporting For All Others

1. If you believe a crime may have been committed, you may file a criminal complaint by contacting the Pitt Police (412-624-2121 for the Pittsburgh campus; contact information for regional campus police departments is located in Appendix A). You may also call 911 to reach the local police bureau or department.

2. You may file an anonymous complaint on the University of Pittsburgh Police Department Web site (www.police.pitt.edu). However, this option greatly limits the University's ability to respond to and investigate the report.

3. All Pitt students, faculty and staff may file a complaint through the University's Office of Student Conduct if the alleged assailant is a University of Pittsburgh student (412- 648-7910, 738 William Pitt Union; contact information for regional judicial affairs/student conduct offices is located in Appendix A). The Student Code of Conduct outlines all steps related to filing and processing sexual assault complaints.

4. You may file a complaint with the University's Office of Civil Rights and Title IX for investigation (412- 648-7860). Individuals on the regional campuses may also file a complaint with their local Office of Civil Rights and Title IX. See Appendix A for contact information.

5. All members of the University community can file anonymous complaints on Pitt Concern Connection (800-468-5768 or https://www.compliance.pitt.edu/make-report).

See Appendix A for a list of University and community resources. See Appendix B for confidentiality information.

E. Where The Victim Is a Minor (anyone under the age of 18)

Anyone affiliated with the University who has reasonable cause to suspect child abuse, including but not limited to sexual abuse, shall make an immediate and direct report to ChildLine either electronically at www.compass.state.pa.us/cwis or by calling 1-800-932- 0313. Immediately thereafter, the individual must also make an immediate and direct report to the University Police or the Office of General Counsel. Retaliation is strictly prohibited against anyone who makes a good faith report of suspected child abuse or who participates in a related investigation. More information on reporting child abuse is available here: http://keepkidssafe.pa.gov/. See also: http://www.hr.pitt.edu/protecting- children/faqs

III.     UNDERSTANDING THE INVESTIGATION AND RESOLUTION PROCESSES

Once a report of sexual misconduct[1] is made, the University will investigate take appropriate action. The University's authority to investigate, to compel cooperation, or to impose sanctions against those who are not members of the University community is limited. Nevertheless, the University will attempt to take appropriate actions. Complaints against guest lecturers, volunteers, contractors and visitors will be referred to the Office of Civil Rights and Title IX for investigation and appropriate action.

When conducting the investigation under this Procedure, the University's primary focus will be on addressing the sexual misconduct. Other policy violations discovered may be referred to another process.

A. <u>Initial Inquiry</u>

Once the Office of Civil Rights and Title IX receives notice of sexual misconduct, an Investigator ("Investigator") will conduct an initial inquiry. Where the respondent (i.e., the accused) is an employee, the Office of Civil Rights and Title IX will coordinate the initial inquiry with a chair, dean, director, supervisor, responsibility center head, or designee. For all other cases, the Investigator will continue to conduct an initial inquiry which generally includes interviews with the complainant, the respondent, a chair, dean, director, supervisor, responsibility center head, or designee, and sometimes a review of relevant documents.

The Investigator will then determine whether the information gathered indicates that the complaint falls within the Policy. If it is determined that the complaint falls within the Policy, the Investigator will determine whether the process should proceed to the Informal Process, the Formal Process, or another University process. The Investigator will make this determination by reviewing several factors including:

1. The wishes of the complainant and the respondent;
2. Consideration of a pattern of behavior; and
3. The nature and severity of the behavior or action.

A decision will then be made as to the appropriate next steps to bring resolution to the complaint, which will include one of the following:

1. Formal Process;
2. Informal Process;
3. Another University process; or
4. End the process.

The complainant and the respondent will be informed promptly upon an initial inquiry determination by the Investigator. If it is found that the complaint does not fall within the Policy, the reported matter, and other possible policy violations discovered during the inquiry (including any relevant information), may be referred to other University processes.

---

[1] As noted in Section I of Policy CS 20, to the extent any prohibited conduct described herein would otherwise constitute "Sexual Harassment" as specifically defined under Policy CS 27, Title IX, all such conduct will be addressed under Policy CS 27 and its accompanying procedure. Any reference to "sexual harassment" herein is solely related to that term as it is treated under this Policy and Process.

B.   <u>Interim University Measures or Actions</u>

In addition to conducting an initial inquiry, the Investigator may need to facilitate the implementation of interim actions or measures to protect the safety and well-being of the individuals involved in a complaint of sexual misconduct. The University will consider interim or remedial measures, as appropriate or legally supported, to protect those involved. These measures will be implemented as promptly as possible. Generally, such actions include, but are not limited to, the following:

1.   Notify the respondent that a complaint has been made against him/her;
2.   Provide a copy of the Policy to both parties;
3.   Work with chair, dean, supervisor, responsibility center head, or designee to enter no contact orders. Failure to cooperate or honor no contact orders can result in restricting either party's presence on campus, and other disciplinary action;
4.   Institute alternative work arrangements, living arrangements, dining facilities, class schedule, or advisor/supervisor arrangements as feasible and appropriate during the pendency of the process, considering safety issues and concerns of the complainant and the respondent;
5.   For students, provide access to appropriate academic supports, such as tutoring, or permission to withdraw from or retake a class or classes;
6.   Have each of the parties and any witnesses acknowledge the expectation of confidentiality as outlined in this Procedure;
7.   Advise all parties and any witnesses that they may not retaliate against any party or any witness involved in a sexual misconduct complaint.
8.   Notify the chair, dean, director, supervisor, responsibility center head, or designee of the complaint to assist with managing the rights of the complainant and the respondent as appropriate.

The University has the right to impose an interim separation or suspension, consistent with other University handbooks, policies or procedures, or the Student Code of Conduct.

C.   <u>Role of the Investigator</u>

As stated in the Initial Inquiry section above, in most cases, the Investigator will conduct an initial inquiry in conjunction with the chair, dean, director, supervisor, responsibility center head, or designee. Where the case does not proceed under the Student Code of Conduct, and where the initial inquiry indicates that the allegations rightfully fall under the Policy, the role of the Investigator will generally be to provide the parties with resource information, to assist with interim measures, and/or to conduct a prompt and thorough investigation of the complaint. Most investigations involve identifying and interviewing witnesses, gathering relevant documentation, and identifying other relevant information.

Depending on the number of ongoing investigations and/or the nature and complexity of the complaint, the Office of Civil Rights and Title IX may investigate or refer the matter to an appropriately trained investigator.

All members of the University community are encouraged to cooperate and participate in inquiries and investigations, appear before a hearing panel as requested, and cooperate with resolutions of complaints and implementations of recommended sanctions as applicable. Pursuant to the Student Code of Conduct, students may be required to cooperate and participate.

D. University Role to Address Violations of Policy Via Formal Process

The University may address violations of the Policy in instances in which the complainant is not willing to bring a complaint and the University determines it is necessary to proceed with a formal process under the Policy. Any member of the University community may proceed through a Student Code of Conduct process or the process outlined herein. The filing party shall have the same rights and responsibilities as the complainant as outlined in this Procedure or the Student Code of Conduct.

E. The Informal Process

The informal process is an opportunity to bring resolution to a complaint through awareness, education, and/or a facilitated discussion. The Office of Civil Rights and Title IX, in conjunction with the Student Conduct Officer, a chair, dean, director, supervisor, responsibility center head or designee, or the Office of Human Resources, coordinates the informal process. During an informal process, no formal investigation is conducted to determine whether the Policy has been violated.

The informal process may only be used for alleged misconduct which does not involve sexual assault or violence.

The complainant has the right to end the informal process and begin the formal process, if the complainant wishes to do so.

1. Step 1: Facilitate Resolution
   The Investigator, in conjunction with the Student Conduct Officer, a chair, dean, director, supervisor, responsibility center head or designee, or the Office of Human Resources, uses the information gathered during the initial inquiry to facilitate an appropriate resolution to the complaint. The Investigator may determine that the informal process may be facilitated by an appropriate designee (e.g. for students, a Residential Coordinator or other designee; for staff, a Human Resource representative; for faculty, a chair, dean, director, supervisor, responsibility center head, or designee; or for Trustees, the Office of Civil Rights and Title IX or designee). The following are examples of possible options, one or more of which may be used to bring resolution to an informal complaint.

   a. Distribute a copy of the Policy to the respondent and/or the complainant and/or to the department or area whose behavior is being questioned;
   b. Educate the respondent or all parties regarding the Policy;
   c. Conduct a sexual misconduct educational workshop for the designated department/school/University organization;
   d. Meet with the respondent to raise awareness about alleged inappropriate behavior and provide notice about possible University consequences;
   e. Facilitated discussion with the agreement of the complainant, respondent, and the Investigator;
   f. Institute alternative work arrangements, living arrangements, class schedule, dining facilities, or advisor/supervisor arrangements as feasible;
   g. Provide access to appropriate academic supports, such as tutoring, or permission to withdraw from or retake a class or classes; and/or
   h. Limit contact or impose a no contact order between respondent and complainant.

2.   Step 2: Document Informal Resolution

At the conclusion of the informal process, a letter summarizing the outcome(s) of the process will be sent by the Investigator to the complainant and respondent and other appropriate University officials.

If the matter is not resolved to the satisfaction of the complainant or the respondent utilizing the informal process, and/or the Office of Civil Rights and Title IX determines the matter should be resolved through the formal process, the complainant, the respondent and/or the University may pursue the formal process. In such an instance, the complainant, the respondent and/or the University may request to utilize the formal process by submitting a written request to the Investigator within five (5) business days of the date of the receipt of the informal outcome letter.

F.   <u>The Formal Process</u>

The formal process for complaints of sexual misconduct depends largely on the identity of the respondent (i.e., the accused). The following general rules apply, although because of the complexity of the University, and the multiple roles people sometimes hold, the University retains the discretion to determine the appropriate process to apply. In addition, consistent with guidance from the Office of Civil Rights, students will not be members of hearing or appeal boards.

1.   For Student Respondent

Where the responding party is a student, the formal process will be governed by the current process stated in the Student Code of Conduct. The current process shall always apply and is detailed and can be found at **student conduct.pitt.edu.**

The Investigator may submit any documents gathered or produced in the initial inquiry during the Student Code of Conduct process, for consideration during any such process. Further, where the responding party is a student, the Investigator may proceed under the Student Code of Conduct and act as a witness in a Code process.

2.   For Respondents who are: Faculty, Staff, Post-Doctoral Associate/Scholar, Research Associate, Contract Employees, or Members of the Board of Trustees

The Office of Civil Rights and Title IX, in conjunction with the Student Conduct Officer, a chair, dean, director, supervisor, responsibility center head, or designee, will conduct an investigation, to include witness interviews and review of other evidence. The function of the investigation is to determine whether the Policy has been violated and/or to recommend an appropriate sanction.

The Investigator will create a report of findings indicating whether the Policy has been violated and the type of sexual misconduct violated as defined in the Policy and the reason for the finding, and recommended sanctions (if applicable). If the investigation establishes that the Policy was violated by a preponderance of the evidence, the Investigator and the appropriate administrator will determine recommended sanctions to be submitted for approval to the chair, dean, director, supervisor, responsibility center head, or designee. Sanctions will be based on the nature and severity of the offense and/or on prior violations of University policy. The Investigator will distribute, at the same time or as near the same time as feasible, an outcome letter to the complainant and to the respondent, and a full report will go to the chair, dean,

director, supervisor, responsibility center head, or designee. A copy of the report will be kept on file in the Office of Civil Rights and Title IX or other appropriate office.

The Investigator will also notify the complainant and respondent of the right to appeal the determination and/or sanction, as provided in Section IV, Handling Appeals.

Sanctions will not be imposed until the grievance process is complete, including, as applicable, until the time foran appeal of the outcome runs out or until a determination is made regarding any such appeal.

**IV.   HANDLING APPEALS**

The appeals process followed depends on the identity of the respondent (i.e., the accused).

A.   <u>For Student Respondent</u>

Where the responding party is a student, the appeals process will be governed by the current process stated in the Student Code of Conduct. The current process is detailed and can be found at **student conduct.pitt.edu.**

B.   <u>For Faculty or Staff Respondent</u>

Where the responding party is a faculty or staff member, any appeal should be made to the Provost or Senior Vice Chancellor for Business and Operations.

In cases where the recommended discipline involves early termination of appointment for cause, the procedure under the University Bylaws, and not this appeals process, applies. However, the substantive and procedural requirements under any applicable law, remain applicable.

In other cases, the Provost or Senior Vice Chancellor will appoint an Appeals Board of three (3) individuals. Two members of the Appeals Board will be faculty who are members of the University Review Board ("URB"); the third member will be appointed by the Provost or Senior Vice Chancellor from the pool of individuals who have received appropriate training from the Office of Civil Rights and Title IX, and consistent with the employment status of the parties involved. Consistent with guidance from the Office of Civil Rights, students will not be members of hearing or appeal boards.

Appeals must be submitted to the Office of the Provost or Senior Vice Chancellor within ten (10) business days of receipt of the written decision and must specify the grounds for the appeal. The Appeals Board shall not rehear or make a redetermination of the facts of the matter, but will review only whether the decision erred in one of three limited grounds on which an appeal may be filed, which are as follows:

1.   New information not available to the Investigator which, if available at the time of the investigation, would have significantly affected the decision;
2.   Evidence that established procedures were not followed in a manner that would have significantly affected the decision, and/or;
3.   The sanction(s) are substantially disproportionate to the severity of the violation.

The Appeals Board determines whether the appeal submitted falls within one of the three grounds for appeal of a decision, reviews the report and sanctions to be imposed, and other relevant documents or statements.

Generally, if an Appeals Board finds that an appeal is valid in that either appeal basis #1 (substantial new evidence was not available that would have affected the decision) or #2 (evidence that established procedures were not allowed in a manner that would have affected the decision), the Appeals Board will refer the appeal back to the Investigator and appropriate administrator to remedy the issue.

As for appeal basis #3 (the sanction was substantially disproportionate to the severity of the violation), the Appeals Board will make a recommendation to the Provost or Senior Vice Chancellor regarding the finding and the sanction based on a review of the existing written record. The sanction recommended by the Appeals Board may be different than the sanction recommended after the investigation, including a sanction that is greater than or lesser than the sanction initially recommended.

Generally, the Appeals Board should complete its work within thirty (30) days.

The Provost or Senior Vice Chancellor shall review the recommendation of the Appeals Board and make a final determination. That determination will be communicated in writing to the respondent, the complainant, the Investigator and to the appropriate administrators (e.g., respondent's appropriate Responsibility Center Head).

The Provost or Senior Vice Chancellor will generally respond within thirty (30) days of receiving the recommendation from the Appeals Board. The decision of the Provost or Senior Vice Chancellor shall be final.

## V. Appendix A: University & Community Resources

A. University Resources for All Campuses

**Office of Civil Rights and Title IX**
titleixcoordinator@pitt.edu
Office of Diversity and Inclusion

2nd Floor Webster Hall

4415 Forbes Ave.

Pittsburgh, PA 15260
412-648-7860 (8:30 am-5:00 pm, Monday-Friday)
**Life Solutions for Faculty & Staff**
http://www.hr.pitt.edu/lifesolutions

B. Additional Resources for the Pittsburgh Campus

**University Counseling Center for Students**
Wellness Center
2nd Floor, Nordenberg Hall
412-648-7930 (8:30 a.m. to 5:00 p.m., Monday through Friday) 412-648-7859 (after business hours)

**<u>Student Health Service</u>**
Wellness Center
2nd Floor, Nordenberg Hall
412-383-1800 (8:30 am-7:00 pm, Monday, Tuesday, Thursday 8:30 am-
5:00 pm, Wednesday, Friday
10:00 am-5:00 pm Saturday, fall/spring term only

**<u>Office of Student Conduct</u>**
738 William Pitt Union
412-648-7910 (8:30 am-5:00 pm, Monday-Friday)

**<u>University of Pittsburgh Police Department</u>**
3412 Forbes Avenue
412-624-2121 (emergency, non-campus phone)
412-624-4040 (non-emergency number)
http://www.police.pitt.edu

**On-Campus Emergency**
412-624-2121 (or 4-2121 from a campus phone)

C.  Additional Resources for the Regional Campuses

**<u>University of Pittsburgh Bradford Resources</u>**
**Bradford Campus**
814-362-5121
242 Hanley Library
300 Campus Drive
Bradford, PA 16701
clclark@pitt.edu

**Bradford Campus Police**
814-362-3211
300 Campus Drive
Bradford, PA 16701

**Bradford Student Affairs Judicial Officer**
814-362-5084
213 Frame-Westerberg Commons
300 Campus Drive
Bradford, PA 16701
binder@pitt.edu

**Bradford Student Counseling and Health Services**
814-362-5272
226 Frame-Westerberg Commons
300 Campus Drive
Bradford, PA 16701

**University of Pittsburgh Greensburg Resources**

**Greensburg Campus**
724-836-9902
150 Finoli Drive
108 Lynch Hall
Greensburg, PA 15601
msk59@pitt.edu

**Greensburg Campus Police**
724-836-9865
150 Finoli Drive
Greensburg, PA 15601-5860

**Greensburg Student Affairs Judicial Officer**
724-836-9954
219F Chambers Hall
150 Finoli Drive
Greensburg, PA 15601
leigh@pitt.edu

**Greensburg Student Counseling Services**
724-836-9870
217 Chambers Hall
150 Finoli Drive
Greensburg, PA 15601-5860
gaylep@pitt.edu

**University of Pittsburgh Johnstown Resources**

**Johnstown Campus**
814-269-7070
248 Blackington Hall
450 Schoolhouse Road
Johnstown PA 15904
lpt@pitt.edu

**Johnstown Campus Police**
814-269-7005 (non-emergency)
814-269-7222 (emergency)
450 Schoolhouse Road
Johnstown, PA 15904

**Johnstown Student Affairs Judicial Officer**
814-269-7062
142 Union, Johnstown, PA 15904
tshaffer@pitt.edu

**Johnstown Student Counseling Services**
814-269-7119
G-10 Student Union
450 School House Road
Johnstown, PA 15904

**University of Pittsburgh Titusville Resources**

**Titusville Campus Police**
814-827-4488
112 Davis Hall
224 N. Brown Street
Titusville, PA 16354

D. Community Resources

**Pittsburgh Action Against Rape**
1-866-363-7273 (24 hours)

**Center for Victims**
412-392-8582 (24 hours)

**Women's Center and Shelter of Greater Pittsburgh**
412-687-8005

**Pittsburgh Bureau of Police**
911

**Magee-Womens Hospital of UPMC**
412-641-4933 (emergency room)

**UPMC Presbyterian Hospital**
412-647-3333 (emergency room)

**Allegheny County Health Department (Oakland)**
412-578-8080

**Bradford, PA Community Resources**

**Bradford YWCA / McKean County Victims' Resource Center**
1-888-822-6325 (24 hours)

**The Guidance Center Crisis Intervention Line**
1-800-459-6568 (24 hours)

**Bradford Regional Medical Center** Emergency
Department: 814-362-8274 Women's Health
Services: 814-362-8480

**Greensburg, PA Community Resources**

**Blackburn Center Against Domestic and Sexual Violence, Greensburg**
724-836-1122

**Westmoreland County Crisis Hotline**
1-800-836-6010

**Pennsylvania State Police for Hempfield Township**
724-832-3288

**Excela Health Westmoreland Hospital**
724-832-4355 (emergency room)

**Johnstown, PA Community Resources**

**Victim Services, Inc. of Johnstown**
814-288-4961 or 1-800-755-1983

**Women's Help Center of Johnstown**
814-536-5361 or 1-800-999-7406

**Richland Township Police Department**
814-266-8333

**Conemaugh Memorial Medical Center**
814-534-9100 (emergency room)

**Windber Medical Center**
814-467-3719 (emergency room)

**Titusville, PA Community Resources**

**Titusville Area Hospital**
814-827-1851

**PPC Violence Free Network**
1-800-243-4944 (24 hours)

**Women's Services Titusville**
814-333-9766 (24 hours)

**VI.**   **Appendix B: Confidentiality**

A.   Employee Types and Their Confidentiality Responsibilities

Different employees on campus have different abilities to maintain a victim's confidentiality.

1. **Privileged and Confidential Communications for Professional and Pastoral Counselors:** Professional, licensed counselors and pastoral counselors who provide mental-health counseling to members of the University community (and including those who act in that role under the supervision of a licensed counselor) are not required to report any information about an incident to the Title IX Coordinator without a victim's permission.

    Contact information for professional and pastoral counselors:

    > University of Pittsburgh Association of Chaplaincies:
    > http://www.pitt.edu/~chaplain/

2. **Privileged and Confidential Communications for Medical Staff and Counselors:** Individuals who work or volunteer on-campus in the Student Health Service or University Counseling Center, including front desk staff and students, can generally talk to a victim without having to reveal any personally identifying information about an incident to the University. A victim can seek assistance and support from these individuals without triggering a University investigation that could reveal the victim's identity or that the victim has disclosed the incident, unless required by Pennsylvania law.

    While maintaining a victim's confidentiality, these individuals or their office should report the nature, date, time, and general location of an incident to the Title IX Coordinator. This limited report – which includes no information that could directly or indirectly identify the victim – helps keep the Title IX Coordinator informed of the general extent and nature of sexual violence on and off campus so the coordinator can track patterns, evaluate the scope of the problem, and formulate appropriate campus-wide responses.

    Before reporting any information to the Title IX Coordinator, these individuals will consult with the victim to ensure that no personally identifying details are shared with the Title IX Coordinator. Contact information for the medical staff and counselors is provided below.

    For the Pittsburgh Campus:

    | |
    |---|
    | **Student Health Service**<br>Call 412-383-1800 to schedule an appointment |
    | **University Counseling Center**<br>412-648-7930 (8:30 a.m. to 5:00 p.m., Monday through Friday) 412-648-7859 (after business hours) |

For the Regional Campuses:

| Bradford Student Counseling and Health Services | Titusville Counseling and Student Development |
|---|---|
| 814-362-5272<br>226 Frame-Westerberg Commons<br>300 Campus Drive<br>Bradford, PA 16701 | 814-827-4465<br>J. Curtis McKinney Student Union<br>504 E. Main Street<br>Titusville, PA 16354 |
| **Greensburg Student Counseling Services** | **Johnstown Student Counseling Services** |
| 724-836-9870<br>217 Chambers Hall<br>150 Finoli Drive<br>Greensburg, PA 15601-5860<br>gaylep@pitt.edu | 814-269-7119<br>G-10 Student Union<br>450 School House Road<br>Johnstown, PA 15904 |

NOTE: While these professional and non-professional counselors and medical staff may maintain a victim's confidentiality vis-à-vis the University, they may have reporting or other obligations under state law. For example, Pennsylvania law requires mandatory reporting to law enforcement in case of minors (anyone under the age of 18) and certain crimes.

ALSO NOTE: If the University determines that the alleged perpetrator(s) pose a serious and immediate threat to the University community the Department of Public Safety may be called upon to issue a timely warning to the community. Any such warning should not include any information that identifies the victim.

3. **Reporting to "Responsible Employees" and Confidentiality.** Please refer to Section VII in the Sexual Misconduct Policy 06-05-01.

B. Requesting Confidentiality from the University: How the University will Weigh the Request and Respond

1. **In Cases of Sexual Violence**

As explained and defined in the Sexual Misconduct Policy in Section IV.B., sexual violence is a subset of sexual misconduct. If a victim discloses an incident of sexual violence to a responsible employee but wishes to maintain confidentiality or requests that no investigation into a particular incident be conducted or disciplinary action taken, the University must weigh that request against the University's obligation to provide a safe, non-discriminatory environment for all, including the victim.

If the University honors the request for confidentiality, a victim must understand that the University's ability to meaningfully investigate the incident and pursue disciplinary action against the alleged perpetrator(s) may be limited. There are times when the University may not be able to honor a victim's request in order to provide a safe, non- discriminatory environment for all.

The University has designated its Office of Civil Rights and Title IXto evaluate requests for confidentiality once a responsible employee is on notice of alleged sexual violence. When weighing a victim's request for confidentiality or that no investigation or discipline be pursued, the Office of Civil Rights and Title IXwill consider a range of factors, including the following:

> The increased risk that the alleged perpetrator will commit additional acts of sexual or other violence, such as: whether there have been other sexual violence complaints about the same alleged perpetrator; whether the alleged perpetrator has a history of arrests or records from a prior University indicating a history of violence; whether the alleged perpetrator threatened further sexual violence or other violence against the victim or others; whether the sexual violence was committed by multiple perpetrators; whether the sexual violence was perpetrated with a weapon; whether the victim is a minor; whether the University possesses other means to obtain relevant evidence of the sexual violence (e.g., from security cameras or personnel, or from physical evidence); whether the victim's report reveals a pattern of perpetration (e.g., via illicit use of drugs or alcohol) at a given location or by a particular group, and whether the perpetrator is a University employee.

The presence of one or more of these factors could lead the University to investigate and, if appropriate, pursue disciplinary action. If none of these factors is present, the University will likely respect the victim's request for confidentiality. If the University determines that it cannot maintain a victim's confidentiality, the University will inform the victim prior to starting an investigation, take immediate action as necessary to protect and assist the victim and will, to the extent possible, only share information with people responsible for handling the University's response. Retaliation against the victim, whether by students or University employees, will not be tolerated.

2. **In Other Cases of Sexual Misconduct**

As explained and defined in the Sexual Misconduct Policy Section IV.A. and C., sexual misconduct can include many actions, many of which do not involve sexual violence. While the University cannot promise complete confidentiality in its handling of these complaints, the University makes reasonable efforts to handle inquiries, complaints and related proceedings in a discrete manner. Each situation is resolved as discreetly as possible, with information shared with those who need to know in order to investigate and resolve the matter. In certain circumstances, the University may be able to address concerns and stop the behavior without revealing a complainant's identity to the alleged perpetrator. However, this is not possible in every matter, as some situations require the disclosure of the complainant's identity in order to investigate the matter and/or to enable the accused perpetrator the ability to respond to the allegations against him or her.

C.  Public Awareness Events and Other Reporting Exceptions

Events such as "Take Back the Night," the Clothesline Project, candlelight vigils, class papers, research participation, protests, "survivor speak outs" or other forums in which students disclose incidents of sexual violence, are not considered notice to the University of sexual violence for purposes of triggering its obligation to investigate any particular incident(s).

D.  Parental/Legal Guardian/Partner Information

In some instances when there is a serious health or safety concern, the University may need to notify the parent(s), guardian(s), or partner of the affected individuals. In making this determination, the University will consider the wishes of those involved, as well as their personal safety, and the safety of the campus community.

The University may also contact the parent(s) or guardian(s) of a dependent student when there is a concerning behavioral pattern or a change in student status. In addition, when a person who is under the age of 18, reports sexual misconduct, both Designated Reporting Representatives and confidential sources may be required to report the sexual misconduct to the appropriate social service agency or the police who then may contact the parent or legal guardian.

## VII.  Appendix C: Other Relevant Considerations

A.  Retaliation

Please refer to Section VIII in the Sexual Misconduct Policy 06-05-01.

B.  Responsible Action Protocol

The welfare and safety of our community is of paramount importance. The University encourages community members to offer help and assistance to others in need.

Sometimes individuals are hesitant to offer assistance to others for fear that they will be subject to sanctions for other policy violations (e.g. alcohol violations). While serious policy violations cannot be overlooked, the University will consider providing educational options or training rather than sanctions as an appropriate response to those who have offered assistance.

Because the University understands that fear of possible actions may deter requests for emergency assistance or reporting, the University has adopted a Responsible Action Protocol to alleviate such concerns and promote responsible action on the part of students.

In accordance with Commonwealth of Pennsylvania law, a student under age 21 would be protected from prosecution for the possession or consumption of alcoholic beverages if law enforcement, including campus police, became aware of the possession or consumption solely because the student was seeking medical assistance for someone else. The University has extended the policy behind this law to cover not only exemption from criminal prosecution but exemption from initiation of student judicial board action as well. This applies to the student seeking medical assistance for another person and to the victims of sexual assault. Under the Responsible Action Protocol, the reporting student will be exempt from alcohol violations, but not from disciplinary violations relating to any other criminal activity such as assault, property damage or presence of other illicit substances.

Students who seek protection under the Responsible Action Protocol may be required to meet with a University official to discuss the situation.

C.  Intention vs. Impact

The fact that someone did not intend to engage in sexual misconduct against an individual is not considered a sufficient response to a complaint of sexual misconduct. For example, in some instances, cultural differences may play a role in the interpretation of behavior, by either the complainant or respondent, which may result in a complaint of sexual misconduct. It is expected that all members of the University community are knowledgeable about what constitutes sexual misconduct under this policy. Although the respondent's perceptions will be considered, in most cases, it is the effect and characteristics of the behavior on the complainant, and whether a reasonable person in a similar situation would find the conduct offensive that determine whether the behavior constitutes sexual misconduct.

D.  Federal Statistical Reporting Obligations

In compliance with the Clery Act (Campus Crime Statistics Act), Designated Reporting Representatives are required to report to University Police sexual misconduct that constitutes a crime. In addition, anonymous reports and de-identified reports of crimes from confidential support resources received by the University Police are also included in the Clery Act Report. Typically, the following information is included: crime, date, location, and status (i.e. student, faculty, staff, stranger, etc.) of the individuals involved in the crime. The University never includes the names of the complainant or the respondent in crime statistics.

When a complaint of sexual misconduct is made that may also constitute a criminal act, the University will inform the complainant of the right to file a criminal complaint.

E.  Federal Timely Warning Obligations

Once a report of any crime is made, the University is obligated by law to take all necessary steps to protect the campus and the person who has experienced the misconduct. This may include alerting the campus of crimes that it determines poses a substantial threat of bodily harm or danger to members of the campus community. In making such determinations, the University will consider the safety of students, faculty, and staff as well as the privacy interests of all persons involved in such incidents.

Regardless of the action taken by the University, the University will make every effort to ensure that a victim's name and other identifying information is not disclosed, while still providing enough information for community members to take safety precautions. For more information, see Section IV Confidentiality.