

# University of Pittsburgh
# Title IX
# Procedure CS 27

**Implementing Executive:**  Senior Vice Chancellor for Engagement
**Responsible Unit:**  Office of Diversity and Inclusion
**Category:**  Community Standard
**Effective Date:**  August 14, 2020
**Status:**  Interim

## I. PURPOSE

This establishes procedures pertaining to the University's compliance with Title IX as set forth in University Policy CS 27, Title IX.

## II. DEFINITONS

A. <u>Advisors</u>: Individuals selected by or assigned to respective parties in order to conduct cross-examination of the other party and witnesses at the hearing held as part of the formal grievance process. If an Advisor is selected by a party prior to one being assigned for the hearing, the Advisor of choice is also permitted to accompany the party to any proceeding or meeting.

B. <u>Decision-Maker</u>: The individual responsible for rendering a determination as to whether the Respondent in a Formal Complaint violated University Policy CS 27.

C. <u>Support Person</u>: Individuals selected by respective parties to provide support throughout the resolution of a Formal Complaint. Each party is permitted to have one individual acting as a Support Person to accompany the party to any proceeding or meeting other than the hearing held as part of the formal grievance process (as a result of the confidentiality provisions of Title IX, Support Persons are not permitted to attend the hearing).

Please refer to Section III of Policy CS 27 for additional definitions of terms used in this Procedure. For further guidance and frequently asked questions, please see https://www.titleix.pitt.edu/civil-rights-title-ix-compliance .

## III. PROCEDURE

The sections below establish the procedures related to reporting and filing a Title IX complaint, the Title IX investigation process, and appeals.

A. **REPORTING SEXUAL HARASSMENT AND FILING A FORMAL TITLE IX COMPLAINT**

    i. <u>Reporting Sexual Harassment</u>

The University encourages prompt reporting of possible violations of University policy, including incidents involving sexual misconduct and Sexual Harassment. Responsible Employees are required to report incidents of sexual misconduct about which they become aware to the Office of Civil Rights and Title IX.

Anyone can report incidents of Sexual Harassment through any of the following channels:
- Reports can be made directly (in-person, by mail, by telephone, by electronic mail, or by utilizing the online reporting form) to the Title IX Coordinator and/or the Office of Civil Rights and Title IX using any of the following contact information:

    Title IX Coordinator: Katie Pope (see https://www.titleix.pitt.edu/civil-rights-title-ix-compliance )
    Address: Office of Diversity and Inclusion
        2nd Floor Webster Hall
        4415 Fifth Ave
        Pittsburgh, PA 15260
    Phone: (412) 648-7860
    Email: titleixcoordinator@pitt.edu

    Online reporting form: https://www.diversity.pitt.edu/civil-rights-title-ix-compliance/make-report

- Reports (including anonymous reports) can be made using the University's Pitt Concern Connection by calling 800-468-5768 or by visiting the website at pi.tt/concern.

To make criminal reports of sexual misconduct, individuals may contact the University of Pittsburgh Police at the appropriate campus (see Section V.) by phone or, in the case of immediate emergency, by calling 9-1-1. Criminal reports are not investigated pursuant to this Procedure as such reports will, instead, be investigated by the police and other relevant authorities. Individuals are, however, permitted and encouraged to report incidents of sexual misconduct both to the Office of Civil Rights and Title IX and to the police.

The University will keep confidential the identity of any Complainant of sex discrimination, including any Complainant who files a Formal Complaint of Sexual Harassment, as well as the identity of any Respondent or other witness, except as may be permitted or required by law, or to carry out the purposes of Policy CS 27 and this Procedure, including to conduct any investigation, hearing, or judicial proceeding arising hereunder.

      ii. Filing a Formal Complaint

Once a report of Sexual Harassment is received by the Office of Civil Rights and Title IX, the office will work with the Complainant to determine whether the Complainant wishes to file a Formal Complaint. While a Formal Complaint is not required to provide the Complainant with Supportive Measures (discussed further below), a Formal Complaint is required to proceed with the Formal Grievance Process or an Informal Resolution. If the Complainant declines to file a Formal Complaint, the Title IX Coordinator may separately sign a Formal Complaint in order to investigate and adjudicate the report of Sexual Harassment. While reports of Sexual Harassment can be made by anyone, Formal Complaints may only be filed by a Complainant or the Title IX Coordinator.

If no Formal Complaint is filed, the Office of Civil Rights and Title IX must still offer Supportive Measures to the Complainant, but the University is not legally permitted to issue any sanctions against the Respondent related to the report of Sexual Harassment as there can be no adjudication or finding related to the report absent the filing of a Formal Complaint.

If the Office of Civil Rights and Title IX receives allegations of Sexual Harassment against more than one Respondent, or by more than one Complainant against one or more Respondents, or by one party against the other party, where the allegations of Sexual Harassment arise out of the same facts or circumstances, the Formal Complaints shall be consolidated and investigated and/or resolved through one single process.

**B.**     **SUPPORTIVE MEASURES**

Upon receipt of a report of Sexual Harassment, whether or not the Complainant decides to move forward with filing a Formal Complaint, the Office of Civil Rights and Title IX shall offer to the Complainant Supportive Measures and facilitate the implementation of such Supportive Measures to protect the safety and well-being of the Complaint. If a Formal Complaint is filed, Supportive Measures will also be made available as appropriate to any involved party.

The University will maintain as confidential any Supportive Measures provided to the parties, to the extent that maintaining such confidentiality would not impair the University's ability to provide the Supportive Measures

**C.**     **INITIAL RESPONSE TO A FORMAL COMPLAINT**

The University intends to resolve Formal Complaints of Sexual Harassment in a reasonably prompt manner, though delays in the process may arise from time to time. When a Formal Complaint is filed, the University will examine, adjudicate, and/or resolve the matter consistent with this section.

     i. <u>Notice of Formal Complaint</u>

Upon receipt of a Formal Complaint alleging Sexual Misconduct, the Office of Civil Rights and Title IX will provide written notice to any known the Complainant(s) and Respondent(s) outlining the following:
- Policy CS 27 and this Procedure
- The allegations potentially constituting a violation of Policy CS 27, including identification of Complainant(s) and Respondent(s), the conduct allegedly constituting Sexual Harassment, and the date and location of the alleged incident, if known.
- The standard of evidence being the preponderance standard, as well as a statement the Respondent is presumed not responsible (but that this presumption does not imply that the allegations did not occur or that a Respondent is truthful or that a Complainant is lying).
- The right of both parties to have an Advisor of choice.
- The right of both parties to review evidence consistent with this Procedure.
- The relevant section of the Code of Conduct and/or University policies and guidelines related to knowingly making false statements or knowingly submitting false information.

The written notice shall be provided to Respondent and Complainant at least five (5) business days prior to any initial interview conducted by an investigator related to the Formal Complaint for parties to have sufficient time to prepare for the initial interview.

In addition to the notice of Formal Complaint, all applicable parties shall receive notices of any additional allegations discovered and/or investigated in the course of the investigation of the Formal Complaint, as well as the date, time, location, participants, and purposes of any live hearing or other proceeding at which the party is expected or permitted to attend.

     ii. <u>Initial Inquiry</u>

Upon receipt of a Formal Complaint alleging Sexual Misconduct, the Office of Civil Rights and Title IX will conduct an initial inquiry, as discussed in Policy CS 27. If the Formal Complaint contains allegations that constitute Sexual Harassment, those allegations will be resolved consistent with Policy CS 27 and this Procedure.

It should be noted that an investigation may reveal facts or circumstances not otherwise known at the time of the initial report or of filing of the Formal Complaint. If any facts or circumstances relevant to the evaluation of the Formal Complaint are discovered as the matter proceeds, it may be necessary for the Office of Civil Rights and Title IX to reevaluate which University policy is appropriate and applicable to the matter. To the extent a matter is determined to fall under a different policy than that which was originally believed to be applicable, the parties and other additional individuals, as appropriate, will be notified and the matter will proceed under the University procedure corresponding with the appropriate University policy in accordance with that evaluation.

     iii. <u>Dismissal of Formal Complaint</u>

If a Formal Complaint contains allegations that do **not** constitute Sexual Harassment as defined in Policy CS 27 or otherwise does not meet the requirements of Policy CS 27, the Formal Complaint or individual allegations therein will be "dismissed" under this Policy. A Formal Complaint or individual allegations therein may be "dismissed" under this Policy for reasons including, but not necessarily limited to the following:
- if the conduct alleged does not constitute Sexual Harassment;
- if the conduct alleged was not within or otherwise related to a University Education Program or Activity;
- if the conduct alleged did not occur against a person in the United States; or
- if the Complainant notifies the Title IX Coordinator in writing that the Complainant wishes to withdraw the Formal Complaint or allegation(s) therein.

<u>If a Formal Complaint or individual allegations therein are "dismissed,"</u> the allegation will still be examined to determine whether it is appropriate to adjudicate under a separate University policy (including University Policy CS 20 (formerly 06-05-01) Sexual Misconduct and University Policy CS 07 (formerly 07-01-03), Nondiscrimination, Equal Opportunity, and Affirmative Action).

    iv. <u>Appealing Dismissal of Formal Complaint</u>

When a Formal Complaint is "dismissed" under this Policy, the University will notify the parties in writing and will provide the reasons for the "dismissal." Within ten (10) business days upon being provided written notice for the "dismissal", either the Complainant or the Respondent can appeal the "dismissal" on any of the following bases:

(1) Procedural irregularity that affected the outcome of the matter;
(2) New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter; or
(3) The Title IX Coordinator, investigator, or Decision-Maker had a conflict of interest or bias for or against Complainants or Respondents generally or the individual Complainant or Respondent that affected the outcome of the matter.

The appeal of a dismissal of a Formal Complaint or allegations therein will be reviewed by an individual designated by the Title IX Coordinator who is appropriately trained and who was not involved in the original determination leading to the dismissal of the Formal Complaint or allegations therein. If the appealing party cites to any conflict of interest or bias on the part of the Title IX Coordinator as a basis for the appeal, the Vice Chancellor for Diversity and Inclusion (VC-ODI) shall be responsible for designating the individual who shall review the appeal.

**D.    INFORMAL RESOLUTION**

At the election and agreement of the Complainant(s) and Respondent(s), the University will facilitate an Informal Resolution of the Formal Complaint unless otherwise prohibited (i.e. when the Complainant is a University Student and the Respondent is a University employee). This process can be pursued at any time prior to a determination of responsibility of the Formal Complaint.

Informal Resolutions will be appropriate processes crafted by the parties in consultation with the Office of Civil Rights and Title IX.

Once the parties agree upon using the Informal Resolution process, the parties will receive notice of the process agreed upon and both Complainant and Respondent will sign and submit a consent form to proceed through the Informal Resolution process. Once the signed consent forms are submitted, the parties must continue with the Informal Resolution process until the matter is resolved, and the parties will not be able to withdraw or alter the terms of the agreed upon Informal Resolution process (parties can, however, withdraw from the Informal Resolution Process at any time *prior* to agreeing to the Final Informal Resolution and resume the Formal Grievance Process as outlined herein). Parties will not have any opportunity to appeal any result of an Informal Resolution.

### E. FORMAL GRIEVANCE PROCESS

    i. <u>Investigation</u>

An assigned investigator shall gather evidence and witness statements related to the allegations in the Formal Complaint. The assigned investigator shall not be the Title IX Coordinator, the Decision-Maker, or the Appellate Decision-Maker.

The investigation will involve the collection and review of relevant evidence, including documents, electronic data, tangible objects, and/or any other material pertinent to the allegations. All available evidence shall be identified and documented. Where possible, all available evidence shall be collected and maintained in electronic format. Both Complainant and Respondent will have an equal opportunity to present evidence to the investigator.

The investigation will involve the identification and interviewing of witnesses with relevant information. Both Complainant and Respondent will have an equal opportunity to suggest witnesses to be interviewed.

Neither the investigator nor the Decision-Maker may access, consider, disclose, or otherwise use a party's records that are made or maintained by a physician, psychiatrist, psychologist, or other recognized professional or paraprofessional acting in the professional's or paraprofessional's capacity, or assisting in that capacity, and which are made and maintained in connection with the provision of treatment to the party, unless the applicable party provides voluntary, written consent to do so for the purposes of a grievance process.

The Complainant and Respondent are permitted to bring one Advisor of their choice and one Support Person of their choice to any/all meetings with the investigator. Neither Advisors nor

6

Support Persons are permitted to participate in any meetings with the investigator, but they can be present for the counsel and support of the party.

    ii. Review of Evidence

Prior to the completion of the investigative report, the investigator shall provide both Complainant and Respondent with an equal opportunity to inspect and review any evidence that is directly related to the allegations in the Formal Complaint that is obtained as part of the investigations (including witness summaries), regardless of whether that evidence is deemed relevant by the investigator.

Parties will be permitted to submit to the investigator a written response to the evidence for the investigator to consider. This written response is due ten (10) business days from the date upon which the parties were provided access to the evidence referenced above.

    iii. Investigative Report

At the conclusion of the investigation and, after reviewing the written submission of the parties (if any), the investigator shall prepare an investigative report. The report shall fairly summarize the allegations and all relevant evidence. The report shall also include a description of the procedural steps taken during the investigation, including notifications sent to parties, interviews, site visits, and methods used to gather evidence.

Once complete, the investigative summary will be provided to the Decision-Maker as well as both the Complainant and the Respondent (and their Advisors of choice). Parties will be permitted to submit to the Decision-Maker a written response to the investigative summary. This written response is due ten (10) business days after the date upon which the parties were provided the investigative summary. The hearing shall take place no sooner than one (1) business day after the written responses to the investigative summary are due to the Decision-Maker.

    iv. Hearing

A live hearing will take place related to the allegations of Sexual Harassment. The live hearing shall follow procedures and rules of decorum outlined by the Office of Civil Rights and Title IX and provided to the parties and their Advisors prior to the hearing.

The hearing may be conducted in-person or, at the election of either party or the discretion of the University, virtually, so long as both parties and the Decision-Maker can, at all times, see the witness and/or individual speaking. The only individuals permitted to attend the live hearing are the Complaint(s), Respondent(s), the parties' respective Advisors, witnesses, the Decision-Maker, any other person required by the University to conduct the hearing, and any other person required by law. A recording (either audio or audio-video) or a transcript of any live hearing will be made available to the parties for review.

The hearing is overseen by the Decision-Maker, who will make a determination as to whether the Respondent is responsible for violating Policy CS 27. The Decision-Maker shall not be the Title

IX Coordinator, the investigator or the Appellate Decision-Maker.

For purposes of the hearing, parties can bring an Advisor of their choosing. If a party declines to select an Advisor, the University will assign one for the hearing. At the hearing, parties, through their Advisors, will have the opportunity to cross-examine all witnesses and the other party. Note: direct cross-examination conducted by a party is not permitted; all cross-examination must be conducted by Advisors. If a party or witness fails to participate in the hearing or otherwise does not make themselves available for cross-examination, the Decision-Maker is not permitted to consider any statement made by that party or witness (whether at the hearing or during the prior investigation) in reaching a determination. The Decision-Maker cannot draw any inference regarding the responsibility of the Respondent based solely on a party's or witness's absence from the hearing or refusal to answer cross-examination or other questions.

Only relevant questions may be asked of a party or witness. Questions and evidence about the Complainant's sexual predisposition or prior sexual behavior are not relevant unless such questions and evidence are offered to prove someone other than the Respondent committed the conduct alleged in the Formal Complaint, or if the questions and evidence concern specific incidents of the Complainant's prior sexual behavior with respect to the Respondent and are offered to prove consent. Questions or evidence that constitute, or seek disclosure of, information protected under a legally recognized privilege are prohibited unless the person holding such privilege has waived the privilege. To the extent the Decision-Maker prohibits any questions as bring irrelevant, the Decision-Maker must explain

   v. Determination of Responsibility

After the hearing is complete, the Decision-Maker will decide, after fairly considering all relevant evidence they are permitted to consider in accordance with this Procedure, by a preponderance of the evidence, the outcome of each allegation in the Formal Complaint concerning whether the Respondent has violated Policy CS 27. The Decision-Maker shall issue a decision on the allegations contained in the Formal Complaint in the form of a written determination of responsibility. The written determination shall include:

(1) Identification of the allegations potentially constituting Sexual Harassment
(2) A description of the procedural steps taken from the receipt of the Formal Complaint through the determination, including any notifications to the parties, interviews with parties and witnesses, site visits, methods used to gather other evidence, and hearings held;
(3) Findings of fact supporting the determination;
(4) Conclusions regarding the application of Policy CS 27 to the facts;
(5) A statement of, and rationale for, the result as to each allegation, including a determination regarding responsibility, any disciplinary sanctions the recipient imposes on the Respondent, and whether remedies designed to restore or preserve the Complainant's equal access to University's Education Program or Activity will be provided; and
(6) The appeal process.

The written determination of responsibility shall be provided to both the Complainant and Respondent on the same day. The determination of responsibility becomes final either on the

date that the written determination regarding the appeal, if any, is provided to the parties, or if an appeal is not filed, the date on which an appeal would no longer be considered timely.

    vi. <u>Sanctions</u>

If the Decision-Maker determines, by a preponderance of the evidence, that Policy CS 27 was violated, the written determination of responsibility containing all information listed in section III(E)(v) above other than the sanction(s) shall be submitted to the appropriate chair, dean, director, supervisor, responsibility center head, or designee to make a determination regarding the appropriate sanction(s). The appropriate chair, dean, director, supervisor, responsibility center head, or designee will then provide the sanctions determination to the Decision-Maker, who will incorporate the sanctions into the written determination of responsibility before distributing the same to the parties. Sanctions will not be imposed until the grievance process is complete, including, as applicable, until the time for an appeal of the outcome runs out or until a determination is made regarding any such appeal.

The University may impose a wide range of Sanctions for violations of Policy CS 27, including, but not limited to disciplinary reprimand, educational meetings, suspension, dismissal, and/or termination. These examples are provided for the purpose of notice and do not reflect the probability that any particular outcome will occur.

    vii. <u>Appeals</u>

After the written determination of responsibility is provided to the parties, either the Complainant or Respondent can appeal the determination. Appeals will not involve a full rehearing or a redetermination of the facts of the matter, but will review only whether the decision erred in one of three (3) limited grounds on which an appeal may be filed (collectively referred to as the "Scope of Review"), which are as follows:

(1) Procedural irregularity that affected the outcome of the matter;
(2) New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter;
(3) The Title IX Coordinator, investigator, or Decision-Maker had a conflict of interest or bias for or against Complainants or Respondents generally or the individual Complainant or Respondent that affected the outcome of the matter; or
(4) The sanction(s) are substantially disproportionate to the severity of the violation

The Complainant and Respondent shall have ten (10) business days from the receipt of the written determination of responsibility to file a petition for appeal, including a written statement in support of or challenging the outcome by citing to one or more of the specific bases for appeal as the Scope of Review. The appeal petition must include a thorough statement and all facts or evidence which support the appeal. To the extent either party bases all or part of any appeal on an alleged error or conflict of interest on the part of the Office of Civil Rights and Title IX or any other individual involved with the grievance process, the Office of Civil Rights and Title IX shall

have the opportunity to respond to the writing within ten (10) business days of being provided with the appeal petition(s).

A panel of three (3) members of the University Review Board ("URB") shall act as the Appellate Decision-Makers. One of the members of the URB shall be deemed the URB Moderator. None of the Appellate Decision-Makers shall be University students, the Title IX Coordinator, the investigator, or the Decision-Maker from the original hearing.

Upon receipt of an appeal petition, the URB shall first determine whether the appeal properly falls within the Scope of Review. If the URB has determined the appeal does not fall within the Scope of Review, the URB shall notify the party that submitted the petition for appeal of that outcome in writing. Where it has been determined that an appeal petition falls within the Scope of Review, the URB Moderator will notify the applicable parties that an appeal has been initiated and will provide all parties with the submitted appeal petition(s) and applicable procedures. The URB may elect to resolve the appeal based solely on the written submissions. To the extent the URB decides that a hearing is necessary or would aide in the resolution of the appeal, the URB shall schedule a hearing and notify all applicable parties.

Once the URB reaches a decision as to the outcome of an appeal (whether based solely on the written submission or after a hearing is held), the URB shall issue a written decision describing the result of the appeal and the rationale for the result. The outcome of the appeal shall be provided to all applicable parties on the same day.

Generally, if the URB finds that an appeal is valid and overturns the outcome of the original Decision-Maker based on appeal basis #1 (procedural irregularity), #2 (new evidence), or #3 (conflict of interest or bias), the Appeals Board will refer the appeal back to the appropriate stage of the grievance process to effectively permit the correction of the error.

Generally, the Appeals Board should complete its work within thirty (30) business days.

## IV.     RETALIATION

Retaliation is strictly prohibited as set forth in Policy CS 27. If a party experiences retaliation, they are encouraged to report the retaliation to the investigator of the Formal Complaint and/or Title IX Office, at which point the allegation will be investigated in a prompt and equitable manner pursuant to applicable University policies and procedures.

## V.     CONTACT INFORMATION/PUBLIC ACCESSIBILITY

This Procedure is posted under Community Standards at the Office of Policy Development and Management website at: https://policy.pitt.edu .

Members of the University Community are encouraged to contact ODI for assistance with understanding their obligations related to compliance under this Policy. ODI can be contacted by telephone at (412) 648-7860 or by email at diversity@pitt.edu .
More information about ODI can be found at: http://www.diversity.pitt.edu/

Regional Campus Title IX Liaisons
    Bradford:     814-362-7513
    Greensburg:  724-836-9902
    Johnstown:   814-269-7991

University of Pittsburgh Campus Police Phone Numbers:
    Bradford:     814-368-3211
    Greensburg:  724-836-9865
    Johnstown:   814-269-7005
    Pittsburgh:   412-624-2121
    Titusville:    814-827-4488

## VI. RELATED AUTHORITIES

Policy AC 28 (formerly 02-02-10), Faculty Reviews and Appeals

Policy CS 27, Title IX

Contact information for regional campus judicial affairs/student conduct offices Guidelines

Policy CS 20 (formerly 06-05-01), Sexual Misconduct

University's Notice of Non-Discrimination

Student Code of Conduct