IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHITRABHANU BHATTACHARYA,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF PITTSBURGH – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 24-900<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER OF COURT**

AND NOW, this 15th day of August, 2025, upon consideration of the Renewed Motion to Compel Comparator Information filed by Plaintiff Chitrabhanu Bhattacharya, (Docket No. 64), and the accompanying brief, (Docket No. 65), wherein he renews his request for an order compelling the production of comparator information from the time period of May 23, 2018 through May 31, 2021, Defendant University of Pittsburgh – Of the Commonwealth System of Higher Education's Response in opposition, (Docket No. 67), wherein Defendant continues to oppose the discovery requests and claims that they are barred by the Court's prior Order directing it to produce documents pertaining to the latter period of June 1, 2021 to the present, Plaintiff's Reply, (Docket No. 70), and Defendant's Sur-Reply, (Docket No. 74), "as well as the broad discretion afforded to the Court to preside over discovery disputes," *Hetzel v. Adaptive Health, LLC*, No. CV 19-336, 2020 WL 7061634, at *1 (W.D. Pa. Apr. 9, 2020), and interpret its own orders, *see In re Asbestos Products Liability Litigation (No. VI)*, 718 F.3d 236, 243-45 (3d Cir. 2013),

IT IS HEREBY ORDERED that Plaintiff's Motion [64] is GRANTED.

In so ordering, the Court considered the applicable legal standards governing discovery. Fed. R. Civ. P. 26(b)(1). Unless limited by a court order,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

*Id*. In evaluating the relevance of the information sought, courts consider the maxim of Federal Rule of Evidence 401, i.e., if the information has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401; *see Wilbert v. Pyramid Healthcare, Inc.*, Civ A. No. 24-331, 2025 WL 873947, at *1 (W.D. Pa. Mar. 20, 2025). However, evidence need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see In re Ex Parte Global Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016). Accordingly, all relevant material is discoverable unless an applicable evidentiary privilege is asserted, regardless of what has already been produced. *See Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

A party who has received incomplete discovery responses may seek an order compelling disclosure. Fed. R. Civ. P. 37(a). "The party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Once that initial burden is met, 'the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery' (1) does not come within the broad scope of relevance," or (2) is outweighed by the costs of disclosure. *Holtec Int'l v. Arc Machines, Inc.*, Civ A. No. 17-397, 2021 WL 2111150, at *1 (W.D. Pa. May 5, 2021) (internal citations omitted) (citing *Morrison v. Phila. Hous.*

2

*Autho.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001); *In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 573 (D. Kan. 2009)). This Court is also mindful to liberally address Plaintiff's employment discrimination claims. *See generally Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).

As an initial matter, the Court has reviewed its previous Order denying, without prejudice, Plaintiff's initial Motion to Compel Comparator Information and does not interpret it to preclude Plaintiff from seeking additional comparator information from the period of May 23, 2018 through May 31, 2021. (Docket Nos. 46; 58). The Court disposed of the prior motion without prejudice because Defendant agreed for the first time in its Sur-Reply that certain documents from the latter period of June 1, 2021 through the present should be produced to Plaintiff. (*Compare* Docket No. 57 *with* Docket No. 53). Given same, the Court believed it was appropriate to order the partial production of the requested information and allow the parties an additional opportunity to meet and confer as to the remaining information. *See* Fed. R. Civ. P. 37(a)(1) (requiring the parties to meet and confer before filing a motion to compel). Although the Court is disappointed that counsel were unable to resolve any disputes about documents from the earlier time period, the Court did not reach the merits of the issue and remains free to do so now.

Turning to the facts of the instant dispute, the Court finds that the Rule 26(b)(1) factors support an order compelling production of the requested comparator information. Relevant here, Plaintiff, a University of Pittsburgh professor, alleges that he was placed on administrative leave pending the outcome of a disciplinary investigation after being accused of sexual harassment by other University employees. (Docket No. 26 at ¶¶ 16-17, 36-37). The University's Office of Compliance, Investigations, and Ethics investigated these allegations, found that Plaintiff violated the sexual misconduct and personal use policies, but refused to provide a copy of its report to him or his counsel. (*Id*. at ¶¶ 39-40). Business School Dean Gene Anderson imposed several

3

punishments, which were affirmed by an internal appeals board. (*Id*. at ¶¶ 44; 83-84). In his Complaint, Plaintiff contends that his punishment was more severe than other professors, including other male faculty members involved in a 2017-18 investigation. (*Id*. at ¶¶ 52-58; 96). Plaintiff further alleges that the report's findings and punishment were discriminatory. (*Id*. at ¶¶ 42; 51). In addition to Plaintiff's racial and sex discrimination claims, he also brings several other claims, including violation of his procedural due process rights. (*See* Docket No. 26).

It is this Court's opinion that the sought-after information appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). To that end, Plaintiff points to two specific sexual misconduct cases from the prior time period which were considered by the appeals board in forming the charge in Plaintiff's case that have not yet been produced. (Docket No 70). Certainly, if the appeals board believed the cases were similar enough to Plaintiff's case to use them as a starting point in preparing the charges in his case, they are relevant enough for purposes of civil discovery. (*Id*.). Moreover, investigation reports that were already produced to Plaintiff during discovery reference other sexual misconduct cases against faculty members, implying that Defendant considers past sexual misconduct cases during its investigation and punishment of faculty. (*Id*.). Defendant's contention that Plaintiff has already received sufficient comparator evidence ignores the actions of the appeals board and that Plaintiff is entitled to all relevant evidence. *See Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Likewise, Plaintiff's burden on summary judgment is to present sufficient evidence to demonstrate that he is similarly situated to the individuals involved in the prior cases, and the requested documents are necessary to evaluate same. (*Id*.).

Further, the actions of the appeals board are a focal point of Plaintiff's due process claim. (*See* Docket No. 26 at ¶ 72, 102-119). ("The substitute appeal procedure is extremely limited, un-

American, and made up solely of a paper review (no due process hearing) conducted by three individuals whose actions and identities are kept secret as in a 'star chamber.'"). Thus, the requested information appears reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiff's due process claim as the appeals board prepared the appeals charge in Plaintiff's case by using appeals charges from past cases. (Docket No. 70-1).

Therefore, Plaintiff has satisfied his initial burden of demonstrating that the requested information is likely to lead to the discovery of admissible and relevant information. The Court in turn considers Defendant's burden in demonstrating that the information is outweighed by the costs of disclosure. *Holtec Int'l*, 2021 WL 2111150, at *1.

With respect to the costs associated with the production of comparator information, Defendant's previous actions demonstrate that producing same is neither burdensome nor costly. The email correspondence provided to the Court indicates that during the disciplinary appeals process, Defendant produced information from other cases to the appeals panel less than five minutes after it was requested. (*See* Docket No. 70-1). Plaintiff also seeks certain documents related to a narrow type of cases and has fashioned his request in a way to minimize Defendant's burden and cost. (Docket No. 64); *see Sawhorse Enterprises, Inc. v. Church & Dwight Co.*, Civ. A. No. 12-6811, 2013 WL 1343608, at *5 (D. N.J. April 3, 2013) (narrowed scope of request weighs against finding prejudice to defendant). Additionally, it does not appear that there will be a burdensome amount of information for cases between May 2018 and May 2021 as Defendant produced documents for investigations of only six employees from June 2021 through June 2024. (*Id.*). Finally, Plaintiff was aware that comparator information, "including how the University handled other allegations of sexual harassment" was a subject on which fact discovery would be necessary. (Docket No. 34 at 3); *see Sawhorse Enterprises, Inc.*, 2013 WL 1343608, at *5

5

(evaluating notice of the request in determining prejudicial effect in expedited discovery request). Accordingly, the Court finds that the potential relevance of the sought-after information outweighs the burdens and expenses of producing same in the instant case.

For the aforementioned reasons, Plaintiff's Motion is granted.

IT IS FURTHER ORDERED that Defendant shall produce by **August 22, 2025** all "information and documents about other University faculty accused of and/or disciplined for alleged sexual harassment and/or sexual misconduct" from May 23, 2018 through May 31, 2021;

IT IS FURTHER ORDERED that Defendant shall also produce legible copies of previously produced documents to the extent necessary, (*see* Docket No. 70 at 5); and,

FINALLY, IT IS ORDERED that the parties shall continue to meet and confer and shall file a Joint Status Report by **September 8, 2025**, wherein the parties shall advise the Court of all outstanding discovery matters and provide counsel's joint availability for a Telephonic Post-Fact Discovery Status Conference, which was previously scheduled for September 30, 2025.

*s/Nora Barry Fischer*  
Nora Barry Fischer  
Senior U.S. District Judge

Dated:  August 15, 2025  
cc/ecf:  All counsel of record.

6