**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHITRABHANU BHATTACHARYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-cv-0900 |
| | ) | Judge Nora Barry Fischer |
| THE UNIVERSITY OF PITTSBURGH | ) | |
| OF THE COMMONWEALTH | ) | Docket No. 148 |
| SYSTEM OF HIGHER EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. Introduction

This action arises from Defendant University's imposition of discipline, including a year-long unpaid suspension and termination of an endowed chair, against Plaintiff, a tenured professor in Defendant's School of Business. By a Memorandum Opinion and Order dated September 22, 2026 this Court (a) *sua sponte* dismissed (without prejudice, for lack of subject matter jurisdiction) Plaintiff's state law contract claim for unpaid compensation from a prematurely-commenced suspension; and (b) granted Defendant's motion for summary judgment as to all other claims except for Plaintiff's due process claim.[1] (Docket Nos. 140, 141). Presently before the Court is Plaintiff's motion seeking reconsideration of the dismissal of his unpaid compensation claim and of the grant of summary judgment solely as to his claim for sex discrimination under Title IX.

[1] By a previous Memorandum Opinion and Order, the Court granted partial summary judgment to Plaintiff, and denied summary judgment to Defendant, as to the due process claim. (Docket Nos. 134, 135).

(Docket No. 148). Plaintiff has submitted a brief in support of his motion, Defendant has submitted a brief in opposition,[2] and the matter is ripe for decision. (Docket Nos. 149, 152). For the reasons that follow, Plaintiff's motion will be denied.

## II. Applicable Legal Standard

As the Court has previously observed,[3] reconsideration of interlocutory orders is governed by Rule 54(b) of the Federal Rules of Civil Procedure, which provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P 54(b). *See also, e.g., Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 298 (M.D. Pa. 2016), *quoted in Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, L.L.C.*, 2017 WL 3481068, *2 (W.D. Pa. Aug. 14, 2017) ("[M]otions for reconsideration of interlocutory orders—whether denials of summary judgment, grants of partial summary judgment, or any other non-final orders—are motions under Federal Rule of Civil Procedure 54(b)."). "Compared to motions to reconsider final judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (emphasis in original). However, "the discretion Rule 54(b) provides is not limitless. For instance, courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id.*; *see also, e.g.*, *Official Comm.*

[2] The Court notes that Defendant's brief addresses only the Title IX claim, and asserts no position as to the unpaid compensation claim.

[3] *See Weaver v. GAT Airline Ground Support, Inc.*, 2025 WL 2917116, *1-2 (W.D. Pa. Oct. 14, 2025).

*of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

The Court of Appeals for the Third Circuit has explained the effect of the law of the case doctrine as follows:

> The law of the case doctrine does not limit a federal court's power; rather, it directs its exercise of discretion. The Supreme Court has elaborated on the scope and nature of this discretion:
>
>> A court has the power to revisit prior decisions ... in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'
>
> [Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988).] This Circuit has recognized several "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation. They include situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice.

*Pub. Interest Research Group of NJ, Inc. v. Magnesium Elektron*, 123 F.3d 111, 116 (3d Cir. 1997) (citations omitted). *See also, e.g.*, *Coopers & Lybrand, LLP*, 322 F.3d at 167 (observing that law of the case doctrine "gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'") (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)); *Black Bear*, 2017 WL 3481068, *3 ("While district courts have more discretion in reconsidering interlocutory orders than in revising final judgments, the . . . Court of Appeals has held that '[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively,' and that '[e]ffective trial court

management requires a presumption against reconsideration of interlocutory decisions.'") (internal citations omitted) (quoting *In re Anthanassious*, 418 F. App'x 91, 96 (3d Cir. 2011)).

## III. Discussion

### A. Unpaid Compensation Claim

In ruling that Plaintiff's unpaid compensation claim is not part of the same "case or controversy" as his due process claim, the Court explained:

> Plaintiff's compensation claim seeks damages that are distinct from those sought in his federal claims, and are based upon a distinct set of facts. The circumstances that led to Defendant's erroneous withholding of payment are immaterial to Plaintiff's right to be paid in accordance with his contract; and the withheld payment is at best peripherally relevant to Plaintiff's due process and discrimination claims. The Court therefore finds that the compensation claim does not arise out of a common nucleus of operative fact to Plaintiff's federal claims and would not ordinarily be expected to be tried in the same proceeding with them.

(Docket No. 140 at 26-27).[4] In seeking reconsideration, Plaintiff asserts that "[b]ecause the surviving due process claim . . . and the unpaid compensation claim . . . arise from the University's premature imposition of the same unpaid sanction, they share a common nucleus of operative fact and would ordinarily be tried together." (Docket No. 149 at 5). Plaintiff further asserts that "both the due process claim and contract claim seek[] recovery of the remaining amount [of unpaid compensation from the premature suspension] as damages." (*Id.* at 4). The Court disagrees with Plaintiff's characterization of his claims. To the contrary, the breach of contract claim arises from the University's alleged failure to pay contractually-required compensation during the premature suspension (and seeks recovery of the unpaid amount thereof); while the due process claim arises

[4] Because the parties have not heretofore had an opportunity to address the issues raised by the Court's *sua sponte* jurisdictional ruling, the Court would be more than usually amenable to reconsideration of that ruling, if it found Plaintiff's arguments persuasive. *Cf. Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("A motion for reconsideration performs a valuable function where the Court . . . has made a decision outside the adversarial issues presented to the Court by the parties . . . .").

from the University's failure to provide constitutionally-sufficient notice and opportunity to be heard in connection with the final, post-appeal sanction (and seeks recovery of damages for that later sanction).[5]

Although the University's premature withholding of compensation and its denial of due process occurred in the course of the same disciplinary proceedings, that overlapping context merely constitutes common factual background rather than common operative facts. *See Saud v. DePaul University*, 2019 WL 5577239, at *7 (N.D. Ill. Oct. 29, 2019) ("facts linking state to federal claims must be 'operative,' *i.e.*, they must be 'relevant to the resolution of' the federal claims"; "state law claim that provided 'factual background' for federal constitutional claim was not sufficiently related to give rise to supplemental jurisdiction") (citations omitted). *Cf. In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 303 (3d Cir. 1998) ("Of course, § 1367 does not permit courts to take jurisdiction over tangentially related claims.").

Here, the factual and evidentiary independence of the claims at issue is manifest. If Defendant had provided Plaintiff with timely and appropriate notice, that would be fatal to his due process claim but would have no effect on his compensation claim. And if Defendant had paid Plaintiff's salary and benefits through the end of his appeal, that would eliminate his contract claim but leave his due process claim intact. In such circumstances – *i.e.*, "where the federal claims 'will be wholly unaffected if the [state] claim is dismissed, and the [state] claim can be resolved regardless of whether' the defendant is found to be liable under the federal

[5] The Court also disagrees with Plaintiff's contention that "[t]he breach of contract claim necessarily requires consideration of when the sanction took effect, when the appeal concluded, what compensation was withheld, and what CS-20 required during that interval." (Docket No. 149 at 4). On the contrary, the contract claim only requires consideration of the amount or value of any compensation not paid when due, regardless of the background circumstances.

On the other hand, the remaining issue in the due process claim, *i.e.*, damages, only requires consideration of how the ultimate sanction would have been altered had Defendant provided appropriate notice of all charges, and of the value of such an alteration.

claim" – "the connection is not sufficient to confer supplemental jurisdiction". *American Association of University Professors, Bradley University Chapter v. Bradley University*, 818 F. Supp. 3d 962, 966 (C.D. Ill. 2026) (quoting *O'Shea v. Augustana Coll.*, 593 F. Supp. 3d 838, 854 (C.D. Ill. 2022)) (citations omitted).

**B. Title IX Sex Discrimination Claim**

In order to prevail on a claim for sex discrimination under Title IX, Plaintiff has the burden to show that sex (or gender bias) was a motivating factor in Defendant's decision to discipline him. (Docket No. 140 at 2-3). In his Brief in Opposition to Summary Judgment, Plaintiff contended that various "procedural irregularities, combined with evidence of institutional pressure to punish a male accused of sexual misconduct, are sufficient to permit a reasonable jury to infer that gender bias was a motivating factor in the disciplinary decision." (Docket No. 113 at 27). In its Memorandum Opinion, the Court observed that Plaintiff's proffered evidence "reveals no support for the assertion that Defendant faced 'internal pressure to impose severe discipline *against males*.' Rather, the evidence supports an inference that Defendant faced pressure to impose severe discipline against perpetrators of sexual harassment, without regard to the perpetrators' sex." (Docket No. 140 at 6). The Court emphasized that bias against accused perpetrators is not tantamount to gender bias, citing and quoting nine reported opinions in accord. (*Id.* at 6-8).

In support of his present motion, Plaintiff revisits and elaborates upon his numerous complaints of procedural irregularities and disagreements with the findings and conclusions of Defendant's investigator, in addition to reprising his argument on institutional pressure. (Docket No. 149 at 6-12). *Cf. Black Bear*, 2017 WL 3481068, at *2 ("A motion for reconsideration is not to be used to relitigate or 'rehash' issues the court already decided, or to ask a district court to rethink a decision it, rightly or wrongly, already made."). Yet Plaintiff still does not engage with

what the Court described as the "crucial" distinction between gender bias and bias against those accused of sexual harassment. (Docket No. 140 at 5, 6). This failure renders Plaintiff's request for reconsideration unavailing, as the record remains insufficient to support an inference that any aspect of Defendant's imposition of discipline against him was motivated by sex or gender.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order follows.

Dated: October 15, 2026

*/s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record