**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHITRABHANU BHATTACHARYA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:24-cv-0900 |
| | ) | Judge Nora Barry Fischer |
| THE UNIVERSITY OF PITTSBURGH | ) | |
| OF THE COMMONWEALTH | ) | Docket No. 136 |
| SYSTEM OF HIGHER EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION ON DEFENDANT'S**
**MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

## I. INTRODUCTION

Presently before the Court is Defendant's Motion to Certify, for potential interlocutory review pursuant to 28 U.S.C. § 1292(b), this Court's August 14, 2026 Order denying Defendant's Motion for Summary Judgment as to Plaintiff's due process claim (Count I of the First Amended Complaint) and granting Plaintiff's Motion for Partial Summary Judgment as to that claim. (Docket Nos. 135, 98 and 94, respectively). Plaintiff has filed his Brief opposing Defendant's Motion to Certify (Docket No. 139), and the matter is ripe for decision. For the reasons that follow, said Motion will be denied.

## II. APPLICABLE STANDARD

As this Court has previously explained,

[S]ection 1292(b), entitled "Interlocutory decisions," provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that

> such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

> 28 U.S.C. § 1292(b). "Interlocutory appeals generally are disfavored, as piecemeal litigation 'undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation.'" *Doe I v. UPMC*, Civ. A. No. 2:20-CV-359, 2020 WL 5742685, at *2 (W.D. Pa. Sept. 25, 2020) (quoting *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106 **. . .** (2009) (internal quotations omitted)).[1] "Certification pursuant to § 1292(b) should be granted 'sparingly' and only when three conditions are met: (1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion." *J.L. v. Ambridge Area School District*, Civ. A. No. 06–1652, 2008 WL 906534, at *2 (W.D. Pa. Apr. 1, 2008) (citing *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958); *Orson, Inc., v. Miramax Corp.*, 867 F. Supp. 319, 321 (E.D. Pa. 1994)).[2] The party seeking the interlocutory appeal has the burden to establish that all three conditions are met. *In re Norvergence, Inc.*, Civ. A. No. 08–1910, 2008 WL 5136706, at *2 (D. N.J. Dec. 5, 2008). However, this Court has discretion to deny an interlocutory appeal even if the party meets its burden. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").

*Elkin Valley Baptist Church v. PNC Bank, N.A.*, 2024 WL 4817131, at *1 (W.D. Pa. Nov. 18, 2024), quoting *Nat'l Liab. & Fire Ins. Co. v. Brimar Transit, Inc.*, 2021 WL 6098288, at *2 (W.D. Pa. Dec. 23, 2021). *See also McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir.

---

[1] As a unanimous Supreme Court explained long ago,

> Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause.

*Cobbledick v. United States*, 309 U.S. 323, 325 (1940).

[2] *See also Howard v. Arconic Inc.*, No. 2:17-CV-01057, 2022 WL 3021549, at *1 (W.D. Pa. July 29, 2022) ("District courts are not to lightly grant leave to seek such permission.").

2004) ("The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution of cases are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it. Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

## III. ANALYSIS

In determining whether to certify its Order for interlocutory appeal, it is incumbent on the Court to examine the specific purported "controlling questions of law" for which certification is requested. *Cf. McFarlin*, 381 F.3d at 1264 ("When a district court certifies an order for appeal, it should specify the controlling question of law it has in mind."). Here, Defendant submits two questions: (A) "Whether, and to what extent, a public employee has a constitutionally-protected property interest . . . . under the circumstances presented" and (B) "precisely what process was due under those circumstances". (Docket No. 137 at 2-3). The Court will examine in turn whether these questions satisfy the three conditions for certification under § 1292(b).

### A. Infringement of Property Interest

#### 1. Controlling Question of Law

Rather than settling on a single properly-framed controlling question, Defendant moves among alternative formulations that are, by turns, over-broad, vague, or inconsistent with the Court's actual holdings. But at bottom, Defendant cannot avoid the problem that application of the Due Process Clause to Plaintiff's year-long suspension inherently presents a mixed question of law and fact, rather than a pure question of law.

Defendant first contends that "[w]hether, and to what extent, a public employee has a constitutionally-protected property interest is a question of law appropriate for certification." (Docket No. 137 at 2). Defendant relies upon two cases in support of its contention, both of which

are readily distinguishable: First, in *Larsen v. Senate of Com. of Pa.*, 152 F.3d 240, 245 (3d Cir. 1998), a motions panel of the Third Circuit granted interlocutory appeal of "whether Larsen had a constitutionally protected property interest in the elected office of Justice of the Supreme Court of Pennsylvania".[3] This grant indicated doubt as to whether an elected official has an individual property interest in his position, which he holds in a representative capacity on behalf of the electorate. In the present case, in contrast, there is no doubt that Plaintiff has a constitutionally protected interest in his position as a tenured professor at a state university. *See, e.g.*, *Gilbert v. Homar*, 520 U.S. 924, 928–29 (1997) ("public employees who can be discharged only for cause have a constitutionally protected property interest in their tenure").

Second, in *McKinney v. Univ. of Pittsburgh*, 915 F.3d 956 (3d Cir. 2019), the Court of Appeals granted interlocutory review of whether a tenured professor has "a property interest in the continued receipt of his base salary". *McKinney*, 915 F.3d at 958, 959 n.2. Although that Defendant acknowledged that McKinney had a property interest in continued employment, he declined to predicate his salary claim on his tenure status or on "the interest a tenured faculty member at the University would have in continued employment". *Id.* at 960 n.4. Instead, McKinney relied solely on a contractual interpretation of Defendant's applicable policy governing faculty salaries. *Id.* at 958, 962.

In other words, both *Larsen* and *McKinney* allowed appeal of a narrow question as to the *existence* of a property interest in a particular office or salary, while the present case involves a question as to the *attributes* of an established property interest – viz., whether the property interest in tenured employment precludes a lengthy suspension without cause, or equivalently, whether

[3] Defendant's parenthetical quotation of *Larsen* stops at "whether [Plaintiff] had a constitutionally protected property interest", and omits the crucial limitation to "elected office". (Docket No. 137 at 2-3) (brackets in original).

such a suspension infringes on that property interest.[4] *See Gilbert*, 520 U.S. at 929 (assuming, without deciding, that one-month unpaid suspension "infringed a protected property interest"). Questions as to the existence of a property interest may often constitute controlling questions of law because they are binary (one either has or does not have such an interest), and if answered in the negative they are dispositive of a due process claim. On the other hand, questions as to the attributes of an acknowledged property interest generally involve fact-based line drawing, and thus constitute mixed questions of law and fact rather than pure questions of law suitable for interlocutory appeal. *See generally, Johnson v. Nat'l Collegiate Athletic Ass'n*, 108 F.4th 163, 183 n.1 (3d Cir. 2024) (Porter, J., concurring) (collecting cases from eight other circuits that limit 28 U.S.C. § 1292 to pure questions of law).

Presently, Defendant glosses over the line-drawing inherent in this case by posing its first question in broad, open-ended terms that elide the particulars of Plaintiff's claim: "[w]hether, and to what extent, a public employee has a constitutionally-protected property interest". Indeed, the breadth and generality of Defendant's first proposed question make it appear better suited to a legal treatise than to an appellate opinion. While Defendant appears to narrow the question by subsequently characterizing it as regarding "the existence of a protectable interest *under the circumstances presented*" (Docket No. 137 at 3) (emphasis added), this merely supplants the over-breadth problem with a vagueness problem: what particular circumstances define the question Defendant wishes to present?[5]

[4] Defendant acknowledges that "if you are suspended without pay indefinitely, at some point that might be viewed as interrupting your continuous employment." (Docket No. 132 at 73).

[5] The Court should not have to discern a party's questions by surmise, or to distill precise questions from imprecise motions. Rather, the party seeking interlocutory appeal should specify the precise controlling questions upon which review is sought – ideally in a form equivalent to the statement of the issues presented for review required under Fed. R. App. P. 28(a)(5).

Defendant may be attempting to specify those circumstances in asserting that "the Court's holding" – "[s]pecifically, . . . its holding that Plaintiff had a protectable property interest notwithstanding the lack of any contract, statutory promise, or other written[6] guarantee making him immune from discipline (in the form of an unpaid suspension or removal as Zoffer Chair)" – "is a controlling question of law in this case." (*Id.*) Putting aside that a holding is not the same thing as a question of law, this passage suggests that Defendant's "controlling question" may be something like "whether a public employee can have a protected property interest absent a contractual or statutory grant of immunity from discipline". However, any question along such lines is not "involved" in the Court's Order, and hence cannot be the subject of certification under § 1292(b).

More specifically, while Defendant is doubtless correct that Plaintiff is not "immune from discipline", what matters – as the Court noted in its Memorandum Opinion (*e.g.*, Docket No. 134 at 6 n.12) – is whether Plaintiff is immune from such discipline *without cause*. *See Richardson v. Felix*, 856 F.2d 505, 509 (3d Cir. 1988) ("The hallmark of a constitutionally protected property interest is an individual entitlement that 'cannot be removed except "for cause."'") (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)). And even if the question is refined to incorporate this crucial exception for cause – *i.e.*, "whether a public employee can have a protected

---

[6] Although Defendant apparently seeks to limit property interests to those shown by a writing, such a limitation is inconsistent with established law. As the Supreme Court has explained,

> "[P]roperty" interests subject to procedural due process protection are not limited by a few rigid, technical forms. Rather, "property" denotes a broad range of interests that are secured by "existing rules or understandings." . . . .
>
> A written contract with an explicit tenure provision clearly is evidence of a formal understanding that supports a teacher's claim of entitlement to continued employment unless sufficient "cause" is shown. Yet absence of such an explicit contractual provision may not always foreclose the possibility that a teacher has a "property" interest in reemployment. For example, the law of contracts in most, if not all, jurisdictions long has employed a process by which agreements, though not formalized in writing, may be "implied."

*Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972) (citations omitted).

property interest absent a contractual or statutory grant of immunity from discipline without cause" – it nevertheless remains a question not "involved" in the Court's Order, as the Court manifestly did *not* hold that Plaintiff had a protectable property interest, despite the *absence* of a contractual right to be free from discipline without cause. To the contrary, the Court held that "Plaintiff's property interest in continued employment[7] encompasses a right to be free from a year-long unpaid suspension without cause, and . . . the terms of his renewed appointment to the Zoffer Chair gave him a contractual right to be removed only for cause". (Docket No. 134 at 8).

Finally, even if, in the interest of giving Defendant's motion every consideration, the Court were to further refine Defendant's first proposed controlling question to reflect the Court's actual holdings,[8] the resultant two sub-questions would be materially equivalent to "whether a year-long suspension without pay infringes a tenured professor's protected property right in continued employment", and "whether Plaintiff had a property interest in continued occupancy of the Zoffer Chair". Both of these appear to be mixed questions of law and fact, with the latter involving application of settled contract law to the facts of this case. Hence, neither is a "pure" question of law suitable for interlocutory appeal.[9] The Court therefore concludes that Defendant's first proposed question (and any reformulation thereof) is not a controlling question of law for purposes of § 1292(b).

---

[7] Plaintiff's property interest in continued employment is assuredly contractual. *See McKinney*, 915 F.3d at 958 (terms of tenured professor's employment were governed by "policies promulgated by [Defendant's] Trustees" which "provide that tenured faculty can be terminated only 'for cause'"); *id.* at 960 ("[T]he [Supreme] Court has recognized a property interest in "continued employment" where tenured faculty have been expressly informed that they may be terminated only 'for cause.'").

[8] *Cf., e.g., In re 3M Combat Arms Earplug Products Liability Litigation*, 2020 WL 4756326, at *3 (N.D. Fla. Aug. 17, 2020) (reformulating proposed controlling question that mischaracterized court's ruling).

[9] *See McFarlin*, 381 F.3d at 1259 (an appeal that turns on "whether the district court properly applied settled law to the facts or evidence of a particular case" is "[t]he antithesis of a proper § 1292(b) appeal"); *In re Kenvue Inc. Securities Litigation*, 2025 WL 3079279, at *4 (D.N.J. Nov. 4, 2025) ("questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)") (quoting *In re Direct Purchaser Insulin Pricing Litig.*, 2023 WL 3431213, at *4 (D.N.J. May 12, 2023)).

### 2. Substantial Ground for Difference in Opinion

"The 'substantial grounds for difference of opinion' condition is met where 'the issue is difficult and of first impression, a difference of opinion as to the issue exists within the controlling circuit, or the circuits are split on the issue.'" *3M Combat Arms*, 2020 WL 4756326, at *3 (quoting *United States ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378-79 (N.D. Ga. 2010)). Here, whether a suspension without pay infringes on a property interest is not a question of first impression in the Third Circuit. Rather, in *Homar v. Gilbert*, 89 F.3d 1009, 1014, 1016-17 (3d Cir. 1996), *reversed on other grounds sub nom Gilbert v. Homar*, 520 U.S. 924 (1997), the Circuit recognized a government employee's "property interest in employment and its accompanying salary", and held that although the employee was "not completely terminated", his property interest entitled him to some "degree of due process" in connection with his suspension without pay. On appeal, the Supreme Court did not disturb the Third Circuit's holding on the issue, but instead assumed that "the suspension infringed a protected property interest". Accordingly, this Court concluded in its Memorandum Opinion herein that "the Third Circuit's ruling in *Homar* that suspension of a tenured public employee without pay requires some degree of due process remains binding law in this Circuit." (Docket No. 134 at 4 n.9).[10]

In its present motion, Defendant simply ignores *Homar*, and it fails to identify contrary precedent in or out of the Circuit. Consequently, under the standard articulated in *3M Combat Arms*, *supra*, Defendant has failed to identify substantial grounds for difference of opinion as to any version of its proposed first issue.

[10] *See also Vatner v. Bd. of Trs. of the Univ. of Med.*, 2015 WL 461901, at *10 (D.N.J. Feb. 4, 2015) ("[T]he Court finds that Plaintiff has met his burden of demonstrating that his suspension without pay from his tenured employment amounts to a property deprivation sufficient to implicate procedural due process rights.").

Defendant asserts that "the Court already recognized that the existence of a constitutionally-protected property interest under the circumstances presented in this case is an issue of substantial disagreement." (Docket No. 137 at 4). In support of this assertion, Defendant cites numerous cases already noted and distinguished by this Court; but none of those cases involved the same "circumstances presented in this case". In particular, Defendant remains unable to identify a single case from any jurisdiction in which a tenured government employee was suspended for a year (or any period approaching a year) without implicating a right to "some degree of due process".[11] The Court adheres to its conclusion that Defendant has failed to establish substantial grounds for difference in opinion as to Defendant's first question.

**3. Materially Advance Ultimate Termination**

"Finally, the text of § 1292(b) requires that resolution of a 'controlling question of law . . . may materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b). This is not a difficult requirement to understand. It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 (ellipsis in original). *See also, e.g.*, *Milbert*, *supra*, 260 F.2d at 433 ("Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation . . .").

In the present case, resolution of Defendant's first question is unlikely to avoid or substantially shorten trial. If the Court of Appeals were to hold that a year-long suspension does not infringe a tenured professor's property interest in continued employment, most of the same issues and evidence would still have to be addressed in connection with termination of the Zoffer

[11] Defendant presents no argument to the effect that there is substantial ground for difference in opinion as to Plaintiff's property interest in continued occupancy of the Zoffer Chair, and the Court can discern no such ground. The failure to identify such a ground precludes certification of any question regarding that issue.

Chair. Moreover, because the Court has entered partial summary judgment for Plaintiff on his due process claim (Docket Nos. 134, 135), and granted summary judgment against Plaintiff on the rest of his 13 asserted causes of action (Docket Nos. 140 and 141), all that is left for trial is an assessment of damages for violation of Plaintiff's due process right, a narrow matter which can hardly be termed "protracted and expensive litigation". Accordingly, the Court concludes that an immediate appeal as to Defendant's first question would not materially advance disposition of this action.

**B. What Process was Due**

**1. Controlling Question of Law**

Defendant's second proposed question is "precisely what process was due under those circumstances". Again, this question is too vague to serve as a framework for appeal, as Defendant does not specify what material circumstances are comprehended in the question.

Moreover, under any circumstances the question of "what process was due" necessitates a balancing of factors under applicable caselaw, and so presents a mixed question of law and fact rather than a pure question of law. As the Supreme Court observed in *Gilbert*,

> To determine what process is constitutionally due, we have generally balanced three distinct factors:
>
> "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest."

*Gilbert*, 520 U.S. at 931-32 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). *See also Gilbert*, 520 U.S. at 930 ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands.") (brackets in original) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972)); *Mathews*, 424 U.S. at 334 (same). *Cf. Anderson v. Jackson*, 2007 WL 4414479,

at *7 (E.D. La. 2007) (declining to certify question as to which applicable caselaw provides "a standard with factors to balance in determining whether due process has been provided as opposed to a steadfast rule of law"). The Court concludes that Defendant's proposed second question cannot appropriately function as a controlling question of law for purposes of § 1292(b).

**2. Substantial Ground for Difference in Opinion**

In *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532 (1985), the Supreme Court held that prior to termination a public employee must receive "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 545. In its Memorandum Opinion, this Court applied the same standard to Plaintiff's lengthy unpaid suspension, reasoning that "*Loudermill*'s widely applied standard . . . 'sets the minimum', *i.e.*, the irreducible requisites of notice and an opportunity to be heard." (Docket No. 134 at 11). The Court ultimately found the issue of what process was due to be "governed by *Schmidt* [*v. Creedon*, 639 F.3d 587, 597 (3d Cir. 2011)], in which the Third Circuit stated that . . . an employee suspended without pay is entitled "only" to the *Loudermill* standard for pre-deprivation process." (Docket No. 134 at 11). In its present motion, Defendant simply ignores this governing Circuit law. And although Defendant asserts that "[t]here is also substantial disagreement with regard to the type and amount of process due" (Docket No. 137 at 5), it remains unable to cite any case from any jurisdiction approving of a lesser process than the minimum set forth in *Loudermill* for a sanction as severe as a one-year unpaid suspension.[12] Indeed, Defendant does not identify what lesser level of process it contends was due, or even identify any meaningful

[12] Defendant emphasizes a Third Circuit case which stated that *Loudermill* "applies to terminations" and which parenthetically characterized *Gilbert* as "suggesting that *Loudermill* does not apply where the employee faces 'only a temporary suspension without pay'". *Williams v. Sch. Dist. of Phila.*, 2024 WL 1088465, at *3 n.12 (3d Cir. Mar. 13, 2024). However, the quoted language comes from a footnote cursorily addressing what appears to be a "throw-away" due process claim, appended at the very end of a non-precedential opinion; and notably, the *Williams* court did not identify any lesser process that it found to be due in that case.

process short of what this Court has characterized as *Loudermill*'s irreducible minimum.[13] The Court concludes that Defendant has not established the existence of a substantial ground for difference in opinion with respect to its proposed second question.

### 3. Materially Advance Ultimate Termination

For the same reasons set forth in Part III(A)(3), the Court concludes that an immediate appeal as to Defendant's second question would not materially advance disposition of this action.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Certify Order for Interlocutory Appeal will be denied. An appropriate Order follows.

Dated: October 15, 2026

*/s/ Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record

[13] As with Defendant's property interest question, Defendant presents no argument to the effect that there is substantial ground for difference in opinion as to the degree of process required in connection with termination of Plaintiff's occupancy of the Zoffer Chair, and again the Court can discern no such ground. Again therefore, the failure to identify such a ground precludes certification of any question regarding that issue.